**SO ORDERED.**

**SIGNED this 30th day of August, 2023.**



_____
Mitchell L. Herren
United States Bankruptcy Judge

**DESIGNATED FOR ONLINE PUBLICATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE:<br><br>**EMILY M GALLET**<br><br>      **Debtor.** | Case No. 07-10427<br>Chapter 7 |

**ORDER DENYING UNITED STATES TRUSTEE'S
MOTION TO REOPEN CASE (Doc. 17)**

  The United States Trustee (UST) seeks to reopen debtor's chapter 7 bankruptcy case pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010, and to appoint a chapter 7 trustee to investigate debtor's pending state court civil lawsuit for childhood sexual abuse filed in 2020 against, *inter alia,* the Roman Catholic Diocese of Joliet, Illinois. The UST asserts the cause of action is property of the bankruptcy estate because it accrued on or before the filing of debtor's 2007

1

bankruptcy case and is therefore subject to administration.[1] Following a hearing at which the parties presented argument, the Court directed the parties to file additional briefs and took the motion under advisement.[2] Because the Court finds there are no facts before it to justify a finding that a valid cause of action accrued at a time that would make it property of the debtor's bankruptcy estate, the UST's motion to reopen the bankruptcy case is denied.

Factual Background

Neither party requested discovery relating to the motion to reopen. The alleged facts underlying the UST's motion are gleaned from the docket report of debtor's bankruptcy case, of which the Court may take judicial notice, and the debtor's civil complaint filed March 5, 2020 in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, Case No. 20L198 filed against the director of youth ministry, the local parish in Plainfield, Illinois, and the Roman Catholic Diocese of Joliet ("Diocese") seeking damages in excess of $50,000.[3] This Court is not the finder of fact regarding the allegations of liability made by the debtor in her lawsuit. For purposes of the motion pending before this Court, the factual allegations made by debtor that are relevant to the issue of when her putative cause of action accrued were not disputed by the UST and are accepted as true.

The liability of the local parish and the Diocese is premised on theories of negligent supervision and negligent retention of its agent, the director of youth

---

[1] The United States Trustee appears by its attorney John W. Nemecek. Debtor appears by her attorney Justin Balbierz.
[2] Docs. 17, 20, 23, and 24.
[3] Exhibit A attached to debtor's brief, doc. 20. Debtor demanded a jury trial.

2

ministry. The claim against the youth ministry director (Count I) is titled "Unwanted/Unconsented Sexual Contact/Battery/Assault." For ease of reference, the state court defendants will be referred to collectively as the Diocese and the state court lawsuit will be referred to as the "Litigation." The current status of the Litigation is unknown, but it appears that no judgment or recovery had been obtained by debtor at the time the motion to reopen was presented in this Court.

Debtor was born in 1983. In 1996, debtor was age 13; she was a minor between 1996 to 2000 and a member of the youth ministry at her church in Illinois. From 1996 continuing until 2004 debtor alleges that the director of youth ministry engaged in child grooming behavior, inappropriate physical touching, and unwanted, unconsented, sexual contact/assault/battery with debtor resulting in "injuries of a personal and pecuniary nature." Debtor alleges that she discovered the causal relationship to her injuries in April 2018 when memories of the sexual abuse returned to her after reading news articles involving similar sexual abuse of minors by church officials in Joliet. Debtor filed the Litigation on March 5, 2020.

Some thirteen years earlier, debtor filed a voluntary chapter 7 bankruptcy petition in the District of Kansas on March 7, 2007. At the time of the bankruptcy petition, debtor was living in Wichita and working as a waitress. It was a no-asset case and debtor received a discharge on June 26, 2007; the case was closed on the same day. Debtor scheduled unsecured debt of approximately $16,500. On Schedule B of personal property, debtor did not disclose the cause of action for sexual abuse. She responded "none" to question 21 regarding other contingent and unliquidated

3

claims of every nature and to question 35 regarding other personal property of any kind not already listed.

Analysis

The commencement of a bankruptcy case creates a bankruptcy estate. Federal bankruptcy law determines the extent to which a debtor's prepetition interest in property becomes property of the estate on the date of filing.[4] Section 541(a) broadly defines property of the estate to include all legal or equitable interests of the debtor in property wherever located as of the commencement of the case.[5] A debtor's personal injury cause of action is property of the estate if it accrued on or before the filing of the bankruptcy petition, even if the debtor has not yet filed a lawsuit for damages.[6] It is not necessary or appropriate for this Court to determine if debtor should or will prevail on the merits of her cause of action. Instead, the inquiry in this Court is limited to determining if her cause of action is property of the estate that warrants reopening her bankruptcy case.

State law determines whether debtor has an interest in property, and the nature and extent of that interest.[7] Because the tort (childhood sexual abuse) occurred in Illinois while debtor was a minor resident of Illinois, Illinois law governs whether debtor's cause of action for sexual abuse accrued prepetition.

---

[4] *Bailey v. Big Sky Motors, Ltd. (In re Ogden),* 314 F.3d 1190, 1197 (10th Cir. 2002); 11 U.S.C. § 541(a).
[5] 11 U.S.C. § 541(a)(1).
[6] *See Morris v. King (In re Rosales),* 621 B.R. 903, 918 (Bankr. D. Kan. 2020).
[7] *Butner v. United States,* 444 U.S. 48, 55 (1979); *Taylor v. Rupp (In re Taylor),* 133 F.3d 1336, 1341 (10th Cir. 1998).

4

I. Legal Standards for a Motion to Reopen Bankruptcy Case

Bankruptcy Code § 350(b) governs a motion to reopen.[8] A party in interest may move to reopen a bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause," and a trustee shall only be appointed if it is necessary to protect debtor's and creditors' interests or insure efficient administration of the case. A bankruptcy court has broad discretion, tethered to the parameters of § 350(b), to reopen a case.[9] There is a duty to reopen when prima facie proof is made that the estate has not been fully administered.[10] The bankruptcy court does not abuse its discretion in denying a motion to reopen if substantive relief could not be granted in the reopened case; in that situation, reopening would be futile and a waste of judicial resources.[11]

Thus, as applied here, it is appropriate to reopen debtor's case if there is a material asset that can be administered. That requires a determination of whether debtor's sexual abuse cause of action is property of the estate, which in turn requires that the Court answer two questions. First, under Illinois law, did debtor's cause of action accrue on or before March 7, 2007, the date of the bankruptcy petition? If it did not, the cause of action is not property of the estate, it would be

---

[8] 11 U.S.C. § 350; Fed. R. Bankr. P. 5010
[9] *Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.),* 71 F.3d 353, 356 (10th Cir. 1995); *Riazuddin v. Schindler Elevator Corp. (In re Riazuddin),* 363 B.R. 177, 184 (10th Cir. BAP 2007).
[10] *In re Riazuddin, supra* at 183-84.
[11] *Chanute Prod. Credit Assoc. v. Schicke (In re Schicke),* 290 B.R. 792, 798 (10th Cir. BAP 2003 (it would be futile to reopen case for creditor to pursue nondischargeability complaint where deadline for objection to dischargeability of debts had expired and the claim was time-barred); *In re Riazuddin,* 363 B.R. at 184; *In re Jester,* No. EO-15-002, 2015 WL 6389290, at *11 (10th Cir BAP Oct. 22, 2015).

5

futile to reopen the estate, and the motion to reopen should be denied. Second, if debtor's cause of action did accrue before she filed her bankruptcy petition, is her cause of action time-barred under Illinois law by the applicable statute of limitations? If it is, it would also be futile to reopen the bankruptcy case. Stated another way, if the UST can make a prima facie case that the cause of action accrued on or before March 7, 2007, and that the applicable statute of limitations does not bar the debtor's lawsuit, then granting the UST's motion and reopening the bankruptcy case would be appropriate.

> II. Under Illinois law, debtor's childhood sex abuse claims accrued when debtor discovered (or through the use of reasonable diligence should have discovered) the last occurrence of sexual abuse in a continuing series *and* discovered the causal relationship between her injury and any act of childhood sex abuse in a continuing series.

The UST initially asserted that debtor alleged in the Litigation petition that her claim accrued in 1996.[12] That is a mischaracterization of debtor's petition. Rather, debtor alleged the inappropriate sexual contact began in 1996 and continued until 2004. Debtor further alleged that she suffered injuries, but significantly, she "was unaware of the causal relationship to her injuries until April 2018" when her memories of abuse were triggered by news articles that she read and "she realized her injuries and the source of her injuries."[13] Such allegations appear to allege a repressed-memory scenario.

Nonetheless, the UST takes the position that under the general rule of accrual of a tort action under Illinois law, debtor's cause of action accrued in 1996 at

---

[12] Doc 17, p. 2.
[13] Doc. 20, Ex. A at ¶s 8-11.

**6**

the time her interest was "invaded," or she suffered injury.[14] However, the Court does not rely on a general statute or common law rule for accrual of a tort cause of action when the accrual of a particular cause of action and limitations period is addressed by a specific statute.[15] In this case, an Illinois statute contains a discovery rule for accrual of a cause of action for childhood sexual abuse.[16]

Illinois first enacted a specific statute of limitations governing an action for damages for personal injury based on childhood sexual abuse in 1990, with an effective date of January 1, 1991, by adding § 13-202.2 to chapter 110 of the Illinois Code of Civil Procedure.[17] The Illinois Legislature amended the statute in 1994, 2003, 2011, 2013, 2014 and 2019, the current version.[18] From its inception, § 13-202.2 incorporated a discovery rule for accrual of a cause of action and tolling the statute of limitations for damage claims for childhood sexual abuse.[19] Under the statute, childhood sexual abuse is defined as an act of sexual abuse when the victim is under 18 years of age. And "sexual abuse" includes but is not limited to sexual conduct and sexual penetration as defined in Illinois' Criminal Code.

---

[14] Citing *Blair v. Nevada Landing P'ship.,* 369 Ill. App. 3d 318, 859 N.E. 2d 1188 (2006).
[15] *See Hernon v. E.W. Corrigan Const. Co.,* 149 Ill. 2d 190, 595 N.E. 2d 561, 563 (1992) (applying rule of statutory construction that a particular statute of limitations relating to a specific subject controls over a general statute of limitations that applies to cases generally).
[16] Under the discovery rule, a cause of action accrues, and the limitations period begins to run, when the injured party knows or reasonably should know of an injury and that it was wrongfully caused. *See Clay v. Kuhl,* 189 Ill. 2d 603, 608-09, 727 N.E. 2d 217 (2000) (noting that Illinois codified the common law discovery rule for actions involving childhood sexual abuse).
[17] *See* 1990 Ill. Legis. Serv. P.A. 86-1346 (West), formerly cited as ILL. REV. STAT. Ch. 110, ¶ 13-202.2.
[18] 735 ILL. COMP. STAT. ANN. 5/13-202.2 (West 2019).
[19] *Horn v. Goodman,* 406 Ill. Dec. 371, 60 N.E. 3d 922 (2016) (codifying the common law discovery rule); 1990 Ill. Legis. Serv. P.A. 86-1346 (West).

7

As relevant here, the 1994 version of the statute, in effect until 2003, provides in subsection (b) that the limitations period begins when the "person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred *and that the injury was caused by the childhood sexual abuse.*"[20] Section 13-202.2(c) modifies the discovery period where the abuse victim is subjected to multiple, continuing occurrences of sexual abuse over a period of time, as alleged in this case where debtor asserts the sexual abuse began in 1996 and continued over the next eight years. Subsection(c) provides:

> If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abused by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover *(i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series.* (Emphasis added.).

Under both versions of the discovery rule in subsection (b) and (c), a personal injury claim for childhood sexual abuse does not accrue until the abuse victim discovers (or should reasonably discover) *the causal relationship* between the injury and the childhood sexual abuse.

Each subsequently amended version of § 13-202.2 has retained the discovery rule for accrual of a childhood sexual abuse claim. Knowledge of the occurrence of an act of childhood sexual abuse or knowledge of an injury are insufficient, standing alone. The 2003 version of § 13-202.2(c) in effect until 2010, makes this explicitly clear:

---

[20] 735 ILL. COMP. STAT. ANN. 5/13-202.2 (1994) (Emphasis added.).

8

> If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series . . . then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover *both* (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series. *The fact that the person abused discovers or through the use of reasonable diligence should discover that the last act of childhood sexual abuse in the continuing series occurred is not, by itself, sufficient to start the discovery period under subsection (b). Knowledge of the abuse does not constitute discovery of the injury or the causal relationship between any later-discovered injury and the abuse.*[21]

In short, the discovery rule provides that the abuse victim must not only know that that the last act of sexual abuse in the continuing series occurred, but must also discover that her injury was *caused* by an act of childhood sexual abuse. Until both prongs are satisfied, the cause of action has not accrued, and the statute of limitations does not begin to run.

In order to constitute property of the bankruptcy estate, debtor's cause of action for damages for childhood sexual abuse must have accrued on or before March 7, 2007. Applying the discovery rule in § 13-202.2(c), this means that debtor must have discovered (or should have discovered) between 1996 (when the alleged childhood sexual abuse started) and March 7, 2007 (the date of debtor's bankruptcy petition) that the last act of childhood sexual abuse in the continuing series occurred *and also that her alleged injury was caused by any act of childhood sexual abuse in the continuing series*.[22] The debtor's allegations in the Litigation do not

---

[21] 735 ILL. COMP. STAT. ANN. 5/13-202.2 (2003) (Emphasis added.).
[22] Section 13-202.2, as amended in 1994 is applicable to a cause of action accruing during the period 1996-2002. Section 13-202.2, as amended in 2003 is applicable to a cause of action accruing during 2003-2007. The discovery rule provided in subsection (c), is substantially the same in both versions of the statute.

**9**

allege that debtor discovered the causal relationship between her injury and abuse at any time between 1996 and early 2007. Rather, she alleges the discovery of the causal relationship between her injury and abuse occurred in 2018, long after debtor's bankruptcy case had been filed, debtor received her discharge, and the case was closed.

The UST's reliance simply on the contention that debtor was *injured* in 1996 (or any time during the eight-year period of alleged sexual abuse (1996-2004)), does not satisfy the discovery rule in § 13-202.2(c) under either the 1994 or 2003 version of the statute. Thus, the UST has failed to make a prima facie case that the debtor's bankruptcy estate has not been fully administered, because there has been no showing that the debtor's personal injury lawsuit is property of the estate.

> III. If debtor's cause of action for childhood sexual abuse had accrued on or before the date of debtor's bankruptcy petition and was property of the estate, the cause of action would be barred by the applicable Illinois statute of limitations, § 13-202.2(b).

Even if debtor's cause of action had accrued prior to the debtor's bankruptcy and was property of the estate, the Court must next examine whether the statute of limitations has run on the claim based on the accrual date, as determined by the discovery rule in § 13-202.2(c). For this analysis, the Court considers possible accrual dates ranging from 1996 when the alleged abuse began, to the 2007 bankruptcy filing, applying the applicable version of the statute of limitations over that period. If the claim is time-barred, it is futile to reopen the bankruptcy case.

10

## A. Application of 1994 version of the statute of limitations, effective from 1994 to 2002.

If debtor's cause of action accrued between 1996 and 2002, the 1994 version of § 13-202.2(b) would apply; it provides a two-year limitations period to commence the cause of action. If it accrued under § 13-202.2(c)'s discovery rule at any time between 1996 and 2002, the cause of action would be barred, at the latest, in 2004.

In addition, subsection (d) of the 1994 statute tolls the running of the two-year limitations period until a minor abuse victim attains the age of 18, and any other legal disability until the removal of the disability.

> The limitation periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (d) do not begin to run until the removal of the disability.[23]

Here, debtor was age 13 in 1996 when the childhood sexual abuse is alleged to have begun. Debtor would have turned 18 years of age in 2001 and there is no indication that debtor was under any other legal disability. The two-year statute of limitations under § 13-202.2(b) thus did not begin to run until 2001. Even with application of subsection (d), the debtor's cause of action, had it accrued between 1996 and 2001, became time-barred two-years later in 2003, prior to debtor's bankruptcy filing. Thus, applying subsections (c) or (d) of the 1994 statute of limitations, it would be futile to reopen the 2007 bankruptcy case to administer a time-barred lawsuit.

---

[23] 735 ILL. COMP. STAT. ANN. 5/13-202.2(d) (1994).

**11**

## B. Application of 2003 version of the statute of limitations, effective from 2003 to 2010

The 2003 version of § 13-202.2(b) provides a ten-year limitations period from the date a minor reaches age 18, or a five-year limitations period to commence the cause of action if it accrued under subsection (c)'s discovery rule between 2003 and the date of the bankruptcy petition in 2007.[24] Subsection (b) states:

> Notwithstanding any other provision of law, an action for damages for personal injury based on childhood sexual abuse must be commenced within 10 years of the date the limitation period begins to run under subsection (d) *or* within 5 years of the [discovery period computed under subsection (c)] . . .[25]

The ten-year limitations period in subsection (b) referenced to subsection (d) is the tolling provision applicable to abused victims who are minors. Subsection (d) is identical to the 1994 statute's subsection (d) addressed above. Because debtor attained the age of 18 in 2001, the ten-year statute of limitations began to run in 2001 and expired in 2011. Debtor's cause of action would be time-barred under the 2003 version of subsection (b)'s ten-year limitations period and it would be futile to reopen the bankruptcy case.

Alternatively, if the debtor's cause of action accrued between 2003 and the date of debtor's bankruptcy filing in March of 2007, as determined by the discovery rule in subsection (c), debtor had five years in which to commence her cause of

---

[24] 735 Ill. Comp. Stat. Ann. 5/13-202.2 (2003). Subsection (c) provides that it determines the discovery period under subsection (b) if the injury is caused by two or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser. As noted previously, the determination of that discovery period under subsection (c) is the same as the discovery rule in the 1994 version of subsection (c).
[25] 735 Ill. Comp. Stat. Ann. 5/13-202.2(b) (2003).

**12**

action. The five-year statute of limitations on the childhood sexual abuse cause of action in this scenario expired as early as 2008 and as late as March 2012. Thus, such an accrued cause of action would be time-barred under the 2003 version of § 13-202.2(b) and it would be futile to reopen the 2007 bankruptcy case.

Because debtor's cause of action had to accrue on or before the date of debtor's bankruptcy filing to constitute property of the estate, this Court need not consider any accrual or discovery period later than March 7, 2007, the date on which debtor filed her Chapter 7 bankruptcy petition. Any such cause of action accruing after March 7, 2007, is not property of the bankruptcy estate and is not an asset subject to administration in the bankruptcy case.

    IV.    The appointment of a trustee to investigate debtor's cause of action is unwarranted and unnecessary.

The trustee has no authority over a cause of action that is not property of the bankruptcy estate. The UST might object that determining when the cause of action accrued, and thus, whether it might be property of the estate is the very reason this bankruptcy case should be reopened. Appointment of a trustee to investigate debtor's claim is neither efficient, nor economical. The Litigation has been pending for over three years. The Diocese has likely conducted discovery of debtor regarding her discovery of a sexual abuse claim and the timeliness of the lawsuit. The Illinois state court may have already ruled on those issues based on a fully-developed record, something that is lacking in this disputed bankruptcy motion dispute. There is no reason to duplicate that discovery and cause debtor or anyone else to incur that duplicative expense in this forum. Given the length of time the case has been

13

pending and the state-law nature of the underlying claims, the better course is to continue to allow the state court to address these issues.

Conclusion

The UST has failed to show that debtor's personal injury cause of action accrued on or before the filing of her 2007 bankruptcy case and was therefore property of her bankruptcy estate. Even if a cause of action had accrued prior to the bankruptcy filing, such cause of action would be barred by the applicable Illinois statute of limitations. The UST has therefore failed to make a prima facie showing that debtor's bankruptcy estate has not already been fully administered. Because it would be futile to reopen the bankruptcy case, the motion of the UST to reopen debtor's 2007 bankruptcy case is DENIED.

If the state court, having access to information not available to this Court, reaches a conclusion that debtor's cause of action accrued on or before March 7, 2007, and that debtor's claim is, nevertheless, somehow not barred by the applicable statute of limitations, the UST may file another motion seeking to reopen the bankruptcy case.

### 

14